Phyllis F. KLENDER, William B. Rase, Roger J. Petri, and all similarly-situated individuals, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 02–10082–BC.

United States District Court, E.D. Michigan, Northern Division.

Nov. 4, 2003.

Jeffrey L. Nyquist, James D. Ponscheck, Michigan Education Association, East Lansing, MI, Suzanne K. Clark, Amberg, Firestone, Southfield, MI, for Plaintiffs.

Thomas P. Cole, Department of Justice Tax Division, Washington, DC, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO RECONSIDER DEFINITION OF CLASS PREVIOUSLY CERTIFIED

LAWSON, District Judge.

On June 18, 2003, the Court certified the plaintiff class pursuant to Federal Rule of Civil Procedure 23(b)(3), and on June 27, 2003 the Court ordered the plaintiffs to notify the members of a class, which the Court defined as follows:

> all individuals a) formerly employed by public school districts; b) residing in the Eastern District of Michigan from at least January 2000; c) who received from the school district a payment in exchange for a property right or the right to continued employment absent just cause for termination, pursuant to an Early Retirement Incentive Plan; d) who applied to the Internal Revenue Service in the year 2001 or thereafter for a refund of the portion of said payment that was withheld as taxes and other payroll deductions as if from wages pursuant to the Federal Insurance Contribution Act; and e) whose refund was refused by the Internal Revenue Service.

June 18, 2003 Order, at 12.

Thereafter, both the plaintiffs and the defendant filed motions asking the Court to reconsider the class definition. The plaintiffs requested that the class be expanded to include employees of institutions not included in the Court's definition. The defendant seeks to restrict the class on the basis of residence and the timing of refund requests. The defendant does not object to the plaintiff's request to expand class membership, but the plaintiffs take issue with the extent of the restrictions proposed by the government. The Court will grant the plaintiffs' motion for reconsideration, grant in part and deny in part the government's motion, issue a new class definition, and provide a new notification deadline.

I.

As the Court noted in its earlier opinion and order granting class certification, the named plaintiffs are retired public school teachers residing in Arenac, Gratiot, and Roscommon counties who received a payment of money from their respective school districts in exchange for their property rights of tenure and contractual right to just cause employment. The plaintiffs contend that the payment they received did not constitute wages under the Federal Income Contribution Act (FICA) and thus a portion of the payments paid to the government by their employers was improperly withheld. Claims for refunds were filed and were denied by the Internal Revenue Service (IRS) in Cincinnati, Ohio. The plaintiffs filed this case on March 27, 2002 on behalf of themselves and other similarly-situated plaintiffs.

The plaintiffs filed their motion for reconsideration on July 2, 2003. The plaintiffs propose adding the following language to the Court's class definition, with the new language in italics:

> all individuals a) formerly employed by public school districts, *public colleges or universities or community colleges;*

The plaintiffs contend that the claims of college, community college, and university employees are sufficiently similar to public school employees and should be included in the class. The government does not dispute this claim, and the Court will modify the class definition accordingly.

The government seeks to alter or amend the order certifying the class under Federal Rule of Civil Procedure 59(e), or be relieved from the effect of the order under Rule 60(b), or asks this Court to reconsider its order under E.D. Mich. LR 7.1(g). The government argues that the certified class has no limitation as to when the claim for refund must have been refused. Citing 26 U.S.C. § 6511, the government argues that a taxpayer may not be a plaintiff in a suit to recover a refund unless his claim for refund has either been refused or pending for more than six months by the time the suit is brought. Under the Court's class definition, a plaintiff whose claim for refund was denied after the suit was brought would be covered by the definition of the class, even if the claim was pending less than six months when the suit was filed, and, therefore, according to the government, the claim would not be ripe under the applicable provision of the Internal Revenue Code (I.R.C.).

The government also addresses stale claims that could fall within the class definition. It argues that the class could include a retired teacher who received and paid FICA on an early retirement package twenty years ago, providing that such teacher filed a claim for refund in 2001 or later. However, there would be no jurisdiction to hear that claim, the argument goes, since in a refund action the claim for refund must have been made within two years of paying the tax. *See* 26 U.S.C. § 6511. The government also contends that the Court's class definition is defective because it contains no geographical limitation, and that under 28 U.S.C. § 1402, an action against the United States may only be pursued "in the judicial district where the plaintiff resides."

The description of the payment also causes the government some concern because by limiting class members to those whose payments were received "in exchange for a property right or the right to continued employment absent just cause for termination, pursuant to an Early Retirement Incentive Plan," the government believes that a judgment would not bind class members who do not prevail in the present case. The government reasons that if the plaintiffs lose the case, it presumably will be because the Court finds that they did not receive a payment in exchange for a property right, thereby taking them out of the class. Finally, the class potentially excludes persons who might otherwise be included in a jurisdictionally sound suit. For example, the class definition excludes persons who filed a claim for refund before 2001, who are entitled to be in the class if they made the payment within two years of filing the claim for refund and either had their claim for refund denied within two years of March 27, 2002, the date the plaintiffs brought this lawsuit, or never had their claim for refund acted on by the IRS.

In their answer to the government's motion, the plaintiffs state that although they agree with the government that the jurisdictional requirements of 26 U.S.C. §§ 6511 and 6532, and the venue requirements of 28 U.S.C. § 1402, need to be met, the plaintiffs disagree with the government on exactly how those requirements should be incorporated into the class definition. As to venue, the plaintiffs believe that all Michigan residents would be covered since there are class actions pending in both the Eastern and Western Districts. They object to changing the definition of the nature of the payments that would trigger a claim. The plaintiffs believe that claims are not stale until three years after the return was filed according to 26

U.S.C. §.6511, not two years after the payment of the tax. As for ripeness, the plaintiffs believe that any potential plaintiff who receives a denial of a claim before judgment is rendered would be eligible to recover under 26 U.S.C. § 6532.

## II.

■ Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Rule 60(b) provides, in pertinent part, the following: "On motion ... the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." Finally, to grant a motion for reconsideration, the plaintiff must show (1) a "palpable defect," (2) the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.,* 177 F.Supp.2d 605, 624 (E.D.Mich.2001). A motion for reconsideration will not be granted when it "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

■ As to the venue issue, Title 28, Section 1402 of the United States Code provides that "[a]ny civil action in a district court against the United States ... may be prosecuted only ... in the judicial district where the plaintiff resides." 28 U.S.C. § 1402(a)(1). The government argues that the Court should add the language "Eastern District" of Michigan to the class definition. This language was included in the Court's definition. Therefore, as far as venue is concerned, the Court's definition is proper and there will be no changes to that aspect of the definition.

■ Next, the government's argument that a portion of the definition "assumes the truth of the facts in dispute," *i.e.,* it assumes that a payment received under an early retirement plan is a payment received in exchange for a property right to continued employment absent just cause, lacks merit. The language in the Court's definition is meant as an explanation to the putative class members and does not assume anything. Thus, the Court's definition is proper and there will be no changes to the definition in this section.

■ Addressing the jurisdictional limitations on staleness requires an interpretation of the relevant statute. Section 6511 of the I.R.C. states, in pertinent part:

(a) Period of limitation on filing claim.— Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return *shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.*

26 U.S.C. § 6511(a) (emphasis added). The government argues that no taxpayer ever actually filed a "return" on the monies withheld, since payment of those funds was made by their respective employers, who submitted them each pay period but accounted for those payments when the employers filed their quarterly Form 941 returns. The government reasons that since no taxpayer filed a return, then the two-year limitation referenced in the statute, not the three-year limit, can be the only one that applies.

The Court agrees. I.R.C. Section 3101 imposes FICA taxes on "wages" received by an employee, but it is the employer that is required to withhold FICA taxes from the employee's wages and is required to pay an equal amount itself as an employment tax. *See* I.R.C. §§ 3102, 3111. The dispute in this case centers around the question of whether the payments made by the plaintiffs' employers constitute "wages" within the meaning of the I.R.C. "Wages usually are income, but

many items qualify as income and yet clearly are not wages." *Cent. Ill. Pub. Serv. Co. v. United States,* 435 U.S. 21, 25, 98 S.Ct. 917, 55 L.Ed.2d 82 (1978). Nevertheless, the amount withheld—that same sum for which the plaintiffs seek a refund—is not a tax "in respect of which tax the *taxpayer* is required to file a return," as referenced in I.R.C. § 6511 (emphasis added). The employer filed the return; therefore, since "no return was filed by the taxpayer" for the amounts withheld pursuant to FICA, the governing limitations period is "2 years from the time the tax was paid." The class definition will therefore be modified to reflect this limitation.

■ Finally, concerning the ripeness issue raised by the government, IRC Section 6532 provides, in part:

> No suit or proceeding ... for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1).

Both the government and the plaintiffs agree that the class definition must account for the requirements contained in IRC § 6532. However, the plaintiffs take issue with the argument that a claim must be denied after the suit commencement date—here, March 27, 2002—to be valid. The Court agrees with the plaintiffs. Claims filed at least six months before March 27, 2002, but denied after that date, would satisfy Section 6532. The Court will modify the class definition to specify that a claim for a refund had to either be refused by the IRS on or before March 27, 2000, or the IRS had to take no action on the claim 6 months prior to March 27, 2002, for the class member to be properly before the Court.

## III.

The Court agrees that the class definition should be modified in accordance with the reasons set forth above.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt # s 21, 24] is **GRANTED.**

It is further **ORDERED** that the defendant's motion to amend, or for reconsideration [dkt # 22], is **GRANTED IN PART** and **DENIED IN PART.**

It is further **ORDERED** that the class definition is hereby modified to state as follows:

> all individuals a) formerly employed by public school districts, public colleges or universities or community colleges; b) residing in the Eastern District of Michigan; c) who received from the school district, public colleges or universities or community colleges, a payment in exchange for a property right or the right to continued employment absent just cause for termination, pursuant to an Early Retirement Incentive Plan; d) who applied to the Internal Revenue Service for a refund of the portion of said payment that was withheld as taxes and other payroll deductions as if from wages pursuant to the Federal Insurance Contribution Act within 2 years from the time the tax was paid; and e) whose refund was refused by the Internal Revenue Service on or after March 27, 2000, or who filed a claim for a refund before September 27, 2001 that was not acted upon before March 27, 2002.

It is further **ORDERED** that the attorneys for the plaintiffs send by first class mail the "Notice of Class Action" contained in the proposed notice filed on June 25, 2003 to all known potential class members who did not previously receive notice and who may now be included in the modified definition of the class on or before **December 8, 2003.**

It is further **ORDERED** that the deadline for the government to file any notice of appeal under Rule 23(f) is extended to Novem-

ber 14, 2003, that date being 10 days after the ruling on this motion for amended findings and reconsideration under Federal Rule of Civil Procedure 59(e), and for relief from this Court's prior under Rule 60(b).